IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| ISSAC R. BELT, #37729-037, | ) | CIVIL ACTION NO. 9:11-1054-HFF-BM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| DARLENE DREW, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This case has been filed by the Petitioner, pro se, pursuant to 28 U.S.C. §2241. Petitioner, an inmate with the Federal Bureau of Prisons (BOP), contests his conviction on a disciplinary charge.

The Respondent filed a motion to dismiss and/or for summary judgment on July 7, 2011. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on July 8, 2011, advising the Petitioner of the importance of a dispositive motion and of the need for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case.

After receiving additional time to respond, Petitioner filed a response in opposition to the Respondent's motion on August 24, 2011. Respondent's motion is now before the Court for



disposition.[1]

## Background

Petitioner was formerly incarcerated at the Federal Correctional Institution in Fort Dix, New Jersey (FCI Fort Dix).[2] On May 20, 2010, while at FCI Fort Dix, Petitioner was charged with a violation of Code 108 [possession, manufacture, or introduction of a hazardous tool] and Code 307 [refusing to obey an order]. See Respondent's Exhibit B [Incident Report]. The Code 108 charge was based on Plaintiff's alleged possession of a black Samsung flip style cellular telephone. Following an investigation, during which Petitioner denied possession of the cellular phone, the matter was referred to the Unit Discipline Committee (UDC) for processing. Id., at ¶¶ 24, 27. A UDC hearing was then held on May 21, 2010, at which Petitioner again denied possession of the cellular phone, and the matter was referred to a Disciplinary Hearing Officer (DHO). Id., Part II, ¶¶ 17-19.

Petitioner was given a Notice of Rights, of which he acknowledged receipt, on May 21, 2010. See Respondent's Exhibit C. Petitioner waived his right to have a staff representative, but indicated that he did want to call witnesses. Id. A disciplinary hearing was then convened on June 9, 2010, but was postponed due to problems with the witnesses. See Defendant's Exhibit E (Boyce Affidavit), ¶¶ 11-12. The disciplinary hearing was then reconvened on June 23, 2010. See

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed motion to dismiss or for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[2] At the time Petitioner filed this action, he was incarcerated at FCI Bennettsville in Bennettsville, South Carolina. He is currently incarcerated at FCI Beckley located in Beaver, West Virginia. See Court Docket Nos. 12, 13 [Change of Address Notification].



Defendant's Exhibit D, #¶ 14. Petitioner again denied possession of the cellular phone. The initial inmate witness Petitioner had requested was not present because Petitioner did not know his name or register number and he could not be identified. However, a statement from a second inmate was presented and considered, as was a witness statement provided by a staff member. Respondent's Exhibit D; see also Respondent's Exhibit E, ¶ ¶ 11, 13-14. The DHO found Petitioner guilty of committing the prohibited acts, and imposed a variety of sanctions. For the Code 108 violation, the DHO disallowed forty days good conduct time, and imposed a forfeiture of two hundred seventy days non-vested good time, thirty days disciplinary segregation, and temporary loss of certain privileges. Petitioner was also given fifteen days disciplinary segregation (to be served concurrently) and temporary loss of commissary privileges for the Code 307 violation. See Respondent's Exhibit D. Petitioner received a written copy of this decision on July 22, 2010. Respondent's Exhibit D., ¶ IX; see also Respondent's Exhibit E, ¶ 16. Respondent does not dispute that Petitioner appealed this decision throughout the administrative remedy process, where the disciplinary action and sanctions were upheld, and that Petitioner has therefore exhausted his available administrative remedies with respect to this disciplinary action.[3]

In his § 2241 Petition, Petitioner asserts that he was illegally and wrongfully charged with a Code 108 violation because the BOP failed to promulgate the necessary regulations under the Administrative Procedures Act (APA) so as to allow it to impose disciplinary sanctions of the

---

[3] Federal prisoners must exhaust their administrative remedies prior to filing a § 2241 Petition. Kurfees v. I.N.S., 275 F.3d 332, 336 (4th Cir. 2001); Brown v. Smith, 828 F.2d 1493, 1495 (10th Cir. 1987).



3

"greatest" severity level for this charge,[4] that the Warden's "posting" of the notice of the rule change concerning this code number was an insufficient form of notice of the possibility of such a severe level of sanction for this offense, that he was denied his due process rights when he was not allowed to call a witness on his behalf, and that in any event he is actually innocent of the charge.[5] Petitioner seeks reversal and an expungement of the sanctions imposed.

## **Discussion**

With respect to Petitioner's due process claim, in the prison disciplinary setting, an inmate is entitled to only a minimal standard to due process, and if the following requirements are satisfied, prison officials have met this minimal standard:

1. Advance written notice of the charges;

2. A written statement, citing the evidence on which the decider relied and the reasons for the action taken; and

3. The right by the inmate/defendant to call witnesses and present documentary evidence, if institutional safety will not be jeopardized.

Wolff v. McDonnell, 418 U.S. 539, 563-576 (1974); Luna v. Pico, 356 F.3d 481, 487-488 (2d Cir. 2004).

Here, the evidence clearly shows that the Petitioner was given advance written notice of the charge, that he was advised that the matter was being referred to the DHO for hearing, and that he was provided with a Notice of Hearing before the DHO as well as with a copy of his Inmate Rights. Petitioner signed these documents. See Respondent's Exhibit C. The DHO hearing was

---

[4] Petitioner argues that he should have been charged with only a Code 305 charge, which deals with an inmate being in possession of contraband and carried lesser sanctions.

[5] Petitioner does not appear to be contesting his separate conviction on the Code 307 violation.



thereafter conducted on June 23, 2010, at which Petitioner was present and participated. The DHO then found Plaintiff guilty of the charges, setting out in writing the reasons for his findings and conclusion. See Respondent's Exhibit D. As part of his findings, the DHO specifically noted that a cellular phone was properly classified as a hazardous tool, as it can be used to arrange escapes or the introduction of contraband into the facility, and that inmates were on notice of the serious threat posed by these devices as a result of a posted memorandum from the Warden dated December 28, 2009. Id.; see also Respondent's Exhibit F [Memorandum]. Hence, the first two criteria of the Wolff due process standard were clearly met.

With respect to Petitioner's complaint about his witness, the DHO cannot be faulted for failing to procure a witness whom Petitioner could not himself identify. A written statement was obtained from a second inmate identified by the Petitioner, but all this statement says is that Petitioner "was standing by a table [correctional officer] telling him to come here." Marrow Statement [Part of Respondent's Exhibit D]. Petitioner had no absolute right to call "live" witnesses at his disciplinary hearing, and indeed he makes no arguments with respect to this inmate's statement in either his Petition or in his response to the Respondent's motion, instead arguing that he would like to subpoena "Officer Williams" to tell his version of the events. However, Petitioner has failed to show that live testimony from any witness would have affected the outcome of his case.[6] Wolff, 418 U.S. at 566; see also Brown v. Braxton, 373 F.3d 501, 504-506 (4th Cir. 2004)[Live witness

---

[6] The DHO had statements from two officers for consideration at the hearing. One was from Officer Kneiblher, who found the cell phone. Respondent's Exhibit B. The other was from Officer Williams, who was given the cell phone after it had been found. Williams concedes in his statement that he did not see Petitioner drop the phone into the trash because he did not follow him. Williams' Statement [attached to Respondent's Exhibit D]. Petitioner provides no indication in his filings as to why testimony from Williams would alter the outcome of his case, as the most critical statement came from Kneiblher, not Williams.



testimony not required]; Chesson v. Jaquez, 986 F.2d 363, 366 (10th Cir. 1993); Boyd v. Finnan, 348 Fed. Appx. 160, 162 (7th Cir. Oct. 9, 2009)[Finding no prejudice to prisoner from use of written witness statement instead of live testimony, and holding that "[f]ishing for unspecific statements from potential witnesses is not among due process protections afforded prisoners in disciplinary proceedings."]; see also Respondent's Exhibit E, ¶ ¶ 10-14. Therefore, to the extent Petitioner is asserting that he did not receive due process in his disciplinary proceedings, his claim is without merit.

As for Petitioner's "actual innocence" claim, to sustain a conviction in the institutional setting, the fact finder need only show that some evidence existed to support his conclusion. Superintendent, Massachusetts Correction Institution v. Hill, 472 U.S. 445, 456-457 (1985); see Piggie v. Cotton, 344 F.3d 674, 677 (7th Cir. 2003). The Supreme Court in Superintendent evidenced a distaste for allowing the federal courts to review the outcome of prison disciplinary actions, and under the applicable caselaw a disciplinary decision is sufficient to pass scrutiny under the due process clause if it is supported by "some" evidence. Id; Baker v. Lyles, 904 F.2d 925 (4th Cir. 1990); Sales v. Murray, 862 F.Supp. 1511 (W.D.Va. 1994); McClung v. Shearin, No. 03-6952, 2004 WL 225093 (4th Cir. Feb. 6, 2004); see also Chevron U.S.A. v. Natural Res. Def. Cil., Inc., 467 U.S. 837, 844 (1984)[Agency's decisions are not to be second-guessed by federal courts unless they are arbitrary, capricious, or manifestly contrary to the statute]. The evidence before the Court clearly shows that Petitioner was given advance written notice of the charges, that he appeared at the hearing, gave a statement, and was afforded the opportunity to obtain witnesses and present documentary evidence. Evidence from the reporting employee was that, following a verbal altercation, Petitioner turned his back and walked into the bathroom, and that as Petitioner



walked past the trash can he heard a "thump" in the trash while Petitioner continued to walk away. The employee looked into the trash can and found a black Samsung flip style cellular phone right on top of the trash heap. The phone had a homemade charging device attached to it and the outer display window was still lit up. See Respondent's Exhibits B and D. The DHO thereafter found Petitioner guilty of the possession charge, setting forth in writing the evidence and rationale for his decision, which meets the standards of Superintendent and its progeny. This claim is without merit.

Finally, Petitioner's claim that his rights were violated because he was excessively disciplined at the highest level based on a vague regulation that does not even reference cell phones is also without merit. Petitioner was clearly on notice that he had been cited for a violation of Code 108, which allows for the most serious disciplinary sanctions to be imposed, and there is nothing unconstitutionally vague about including a cellular phone as a hazardous tool under this code section. Indeed, this contention has already been litigated on numerous occasions and found to be without foundation. Cf. Eason v. Owen, No. 09-2611, 2010 WL 3192932 (D.S.C. 2010) adopted by, 2010 WL 3192920 (D.S.C. Aug. 10, 2010); Rivera-Lind v. Pettiford, No. 05-3333, 2006 WL 2919069, n. 6 (D.S.C. 2006); see Respondent's Brief, pp. 8-9 (Collecting Cases); see also Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970). ["The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient."]. Further, Petitioner was also clearly on notice that possession of a cellular phone could result in a Code 108 violation by virtue of the Warden's memorandum (Respondent's Exhibit F). Cf. LeBlanc v. Pettiford, No. 06-1194, 2007 WL 465566, at * 6 (D.S.C. Feb. 7, 2007)[Federal Courts defer to the interpretation of prison rules unless "fair notice was clearly lacking"].



## **Conclusion**

Based on the foregoing, it is recommended that the Respondent's motion be **granted**, and that this Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

September 20, 2011
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).